IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT E. WATKINS,
# 17219-047,

Petitioner,

vs.                                                  Case No. 14-cv-521-DRH

JAMES CROSS,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner Robert Watkins, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his conviction and sentence for unlawful possession of a firearm as a previously convicted felon (Doc. 1). *See United States v. Watkins*, No. 01-cr-163-RGK-1 (D. Neb. 2001). Petitioner claims that he is actually innocent of the offense and was provided with ineffective assistance of counsel (Doc. 1, pp. 7-9).

This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. For the reasons set forth below, the Court concludes that the petition (Doc. 1) shall be dismissed.

## I. Background

Petitioner was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e) on July 18, 2001. *See United States v. Watkins*, No. 01-cr-00163-RGK-1 (D. Neb. 2001). Following a federal jury trial in the District of Nebraska, petitioner was convicted of this offense on April 30, 2003 (Doc 153 in criminal case). He was sentenced on August 20, 2003, to 210 months' imprisonment, followed by five years of supervised release (Doc. 168 in criminal case).

Petitioner filed a direct appeal on August 25, 2003. *United States v. Watkins*, No. 03-3319 (8th Cir. 2003). On appeal, he argued that: (1) the district court erred in denying his motion to suppress evidence obtained from a warrant-based search of his residence and vehicle; (2) the search of his vehicle exceeded the permissible scope of the search warrant; (3) the district court erred in allowing trial testimony regarding his "prior bad acts;" (4) he was provided with ineffective assistance of counsel; (5) the State's experts were not qualified and did not submit reports prior to testifying at trial; and (6) he should not have been sentenced as an armed career criminal. The United States Court of Appeals for

the Eighth Circuit rejected petitioner's arguments and affirmed his conviction and sentence on October 28, 2004. *United States v. Watkins*, 113 Fed. App'x 720 (8th Cir. 2004) (unpublished).

Petitioner filed a petition for writ of certiorari review with the United States Supreme Court, which was granted on May 16, 2005. *Watkins v. United States*, 544 U.S. 1029 (2005). The Court vacated the judgment and remanded petitioner's case to the Eighth Circuit for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *Id.*

On remand, the Eighth Circuit adhered to its original decision on all matters unrelated to petitioner's sentence. *United States v. Watkins*, 149 Fed. App'x 539. The Court reviewed petitioner's sentence under the plain error standard, after concluding that he failed to raise an objection in the district court based on the Sixth Amendment or the mandatory nature of the guidelines. *Id.* at 540. The Eighth Circuit held that the erroneous imposition of petitioner's sentence pursuant to the mandatory sentencing guidelines did not warrant relief on plain error review, absent a showing of prejudice. Finding none, the Eighth Circuit affirmed petitioner's sentence on July 13, 2005. *Id.*

Petitioner subsequently filed seven additional appeals in the Eighth Circuit. *See United States v. Watkins*, No. 06-1420 (8th Cir. 2006) (filed February 3, 2006); *United States v. Watkins*, No. 06-2776 (8th Cir. 2006) (filed June 30, 2006); *United States v. Watkins*, No. 06-4026 (8th Cir. 2006) (filed December 7, 2006); *United States v. Watkins*, No. 08-1358 (8th Cir. 2008) (filed February 13,

2008); *United States v. Watkins*, No. 08-2814 (8th Cir. 2008) (filed August 13, 2008); *United States v. Watkins*, No. 10-1234 (8th Cir. 2010) (filed February 2, 2010); *United States v. Watkins*, No. 11-3101 (8th Cir. 2011) (filed September 27, 2011).  In all but one, the Eighth Circuit summarily affirmed the judgments of the district court.  In the remaining one, the Eighth Circuit construed petitioner's "motion for certificate of appealability" as an application to file a successive motion under 28 U.S.C. § 2255, but denied the application after determining that petitioner had not previously filed a § 2255 motion.  *See United States v. Watkins*, No. 10-1234 (8th Cir. 2010).

## II.  <u>The Habeas Petition</u>

Petitioner filed the instant petition in an apparent attempt to breathe new life into arguments he raised in his first appeal (Doc. 1).  Petitioner claims that he is actually innocent of unlawful possession of a firearm and should not have been sentenced as an armed career criminal.  In support of this claim, petitioner asserts that the gun at issue was found in a locked apartment not occupied or controlled by him (Doc. 1, p. 7).  The district court erred in denying his motion to suppress evidence obtained from the warrant-based search of the residence that included this apartment.  Finally, Petitioner received ineffective assistance from counsel (Doc. 1, p. 8).  The petition sets forth no request for relief (Doc. 1, p. 11).

### III. Discussion

Ordinarily, a prisoner may challenge his federal conviction or sentence only by means of a § 2255 motion brought before the sentencing court, and this remedy typically supersedes the writ of habeas corpus. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citing *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A writ of habeas corpus under § 2255 requires the petitioner to file his challenge in the district that imposed the criminal sentence on him. *See* 28 U.S.C. § 2255(a). In this case, petitioner is clearly attacking his conviction. Therefore, he should have filed a § 2255 motion in the sentencing court. He did not do so prior to filing this action, and it appears that the time for doing so has long passed. *See* 28 U.S.C. § 2255(f).

Under a narrow exception set forth in § 2255, however, a federal prisoner may file a petition under § 2241, if the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). The fact that petitioner's § 2255 motion may be time-barred is not, in itself, sufficient to render it an "inadequate" remedy. In considering what it means to be "inadequate or ineffective," the Seventh Circuit has held that a federal prisoner should be permitted to seek collateral relief under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998). To be allowed to proceed, three additional conditions must also be met: (1) the change of law has

to have been made retroactive by the Supreme Court; (2) it must be a change that eludes the permission in section 2255 for successive motions; and (3) "change in law" is not to be equated to a difference between the law in the circuit in which the prisoner was sentenced and the law in the circuit in which he is incarcerated." *Id.* at 611-12.

Petitioner fails to satisfy any of the requirements of *In re Davenport*. Although petitioner maintains that he is actually innocent of being a felon in possession of a firearm, the petition does not cite to any change of law in support of this claim, let alone a change in the law that has been made retroactive by the Supreme Court. Instead, the petition recycles arguments that petitioner already raised on appeal or that he should have raised in a collateral attack pursuant to § 2255. It does not appear that § 2255 is inadequate or ineffective to test the validity of petitioner's conviction and sentence. It simply appears that petitioner may now be time-barred from pursuing relief under §2255. Consistent with *In re Davenport*, petitioner cannot avoid the procedural limitations and requirements attendant to § 2255 motions by now raising a challenge to his conviction and sentence under § 2241. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the petition shall be dismissed with prejudice.

### IV. Pending Motion

Petitioner has filed a motion to add party (Doc. 3), in which he seeks to replace the United States of America with James Cross as the respondent. In a

habeas corpus proceeding, the proper respondent is the prisoner's custodian; in other words, the warden of the prison where the inmate is confined. *See* 28 U.S.C. § 2242 (an application for a writ of habeas corpus shall name the *person* who has custody over the applicant); *Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006); *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Accordingly, the Court finds that Petitioner's request to name the warden, James Cross, as a respondent is proper and is hereby **GRANTED**.

### V. Disposition

**IT IS HEREBY ORDERED** that based on the foregoing discussion, the petition is summarily **DISMISSED** on the merits with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999);

*Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 3rd day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.03 13:07:57 -05'00'

**Chief Judge**
**United States District Court**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).